■ In the Matter of BEEKMAN COUNTRY CLUB, INC., Petitioner, v JAMES W. WETZLER, as Commissioner of the New York State Department of Taxation and Finance, et al., Respondents. [604 NYS2d 989] —Mercure, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which sustained an assessment of real property transfer gains tax under Tax Law article 31-B.

On November 1, 1985, petitioner and its individual shareholders entered into a written option agreement with Empire State Land Company, Inc. (hereinafter Empire) for the sale to Empire of all of the outstanding shares of common stock of petitioner. On November 12, 1986, the parties entered into a further agreement fixing the total purchase price at $6,799,955.09 and allocating $6,390,955.09 to petitioner's real property and improvements and the balance of $409,000 to petitioner's tangible personal property. On November 17, 1986, petitioner and Empire respectively filed transferor and transferee real property transfer gains tax questionnaires with the Department of Taxation and Finance stating the portion of the gross consideration for the prospective transfer allocated to real property to be $6,390,955.09. Based upon the documentation submitted by petitioner and Empire, on December 4, 1986 the Department issued a tentative assessment indicating a tax due on the prospective transfer of $490,192. In October 1987, approximately three weeks prior to the actual transfer, petitioner filed a revised transferor questionnaire stating the gross consideration allocated to real property to be $3,400,000. At the same time, Empire filed a revised transferee questionnaire stating the total consideration to be $6,799,955 and making no apportionment between real property and other assets. On October 27, 1987, Empire purchased petitioner's stock for a total price of $7,245,170.09.

By this proceeding, petitioner challenges a determination of respondent Tax Appeals Tribunal upholding the valuation of the real property at $6,390,955.09 and imposing a transfer

gains tax in the amount of $490,192.05. Essentially, it is petitioner's position that respondents were required to compute the tax on the basis of an appraisal of the real property performed for petitioner in October 1987 and not the allocation stated in the November 1986 agreement of the parties and the transferor and transferee questionnaires filed the same month. We disagree. Initially, we note that Empire never acquiesced in petitioner's October 1987 revaluation of the real property and that the November 1986 valuation and apportionment utilized by respondents was the only one agreed upon by both petitioner and Empire. Further, a clear reading of Tax Law § 1440 (1) (c) and applicable regulations permits the Department to base its valuation of real property upon the parties' agreement as to the sale price and apportionment of real property and other assets. The first sentence of Tax Law § 1440 (1) (c), pertaining specifically to "the case of a transfer which includes other assets which are in addition to real property or an interest therein", provides for resort to "fair market value" analysis only in those cases where "no reasonable apportionment of the consideration for such real property or interest" has been made. Consistent therewith, 20 NYCRR 590.11 (a) states that "the consideration must be reasonably allocated between the real property and the other assets pursuant to a written agreement signed by both the transferor and transferee".

Although the stock conveyed to Empire technically falls within the statutory definition of a "controlling interest" (50% or more of the stock of a corporation) (see, Tax Law § 1440 [2]), we are not persuaded that the second sentence of Tax Law § 1440 (1) (c) and 20 NYCRR 590.47, applicable to the transfer and apportionment of a controlling interest in an entity, govern in this case. The language of 20 NYCRR 590.47 is by no means clear, but the examples set forth therein suggest that the provision is intended to apply to the apportionment of the controlling interest and not to the apportionment, as in this case, of the real property and the assets not constituting real property (cf., 20 NYCRR 590.11). In any event, although 20 NYCRR 590.47 indicates that fair market value is generally determined by appraisal, we perceive no intention to require the use of an appraisal in all cases. Accordingly, we conclude that, in the absence of an adequate showing that the allocation agreement is unreasonable or that the appraisal more accurately reflects the fair market value of the property, the Tribunal's determination should be upheld.

Weiss, P. J., Crew III and White, JJ., concur. Adjudged that

the determination is confirmed, without costs, and petition dismissed.